## (June 27, 1974)

■ ROSEBAR REALTY CORP., Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 48980.) — Cross appeals from a judgment in favor of claimant, entered February 8, 1972, upon a decision of the Court of Claims which awarded the sum of $39,738 to the claimant for direct and consequential damages relating to a highway appropriation on June 1, 1967. The State appropriated a four and one-half-acre corridor through a 14-acre parcel owned by the claimant for highway purposes. The appropriation left an eight-acre parcel in the rear which would have frontage upon the new highway and a one-acre parcel still having frontage upon a highway theretofore existing.

The only issues raised upon this appeal which would appear to have any substantial merit are the claimant's contentions that the trial court erred in refusing to allow consequential damages based upon the theory that the State had failed to commence highway construction upon the appropriated parcel as of the commencement of the trial (May 17, 1971), and further, based upon the State's acknowledged uncertainty as to when, if ever, the proposed highway would be built, that the eight-acre remainder parcel should be valued as landlocked after the taking. Unlike *Erdle & Stenger* v. *State of New York* (42 A D 2d 211, affd. upon the majority opn. by Henry, J., 34 N Y 2d 733), the claimant in the present case failed to establish that as of the date of the appropriation the State was indefinite about an intention to build a highway and was in fact then intending to hold the appropriated land pending additional acquisition and the completion of appropriate highway planning. As noted in *Erdle & Stenger* v. *State of New York* (*supra*, p. 212), the rule is that market value is to be established as of the date of the appropriation, including such consequential damages as will be sustained by reason of the use to which the appropriated parcel is to be put. The present record does not establish that as of the date of the appropriation there would have been any reason for a prospective purchaser of the remainder to believe that the highway would be substantially delayed in its construction or perhaps not constructed at all. The contention of the claimant that the substantial delay had resulted in a *de facto* appropriation of the eight-acre remainder parcel is inappropriate in regard to a proper adjudication of the instant claim which of necessity must be based upon the events actually occurring and known as of the date of the appropriation. Upon this appeal we do not pass upon the question of whether or not the facts alleged and proven in the present case as to the failure of the State to provide the access of the proposed new highway could constitute a *de facto* appropriation or otherwise support a further claim for damages to the claimant's remaining premises. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Kane, JJ., concur.